NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3653-14T1

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

FOUR THOUSAND THREE HUNDRED
FORTY-SIX DOLLARS,

 Defendant-Appellant.
____________________________

 Submitted January 11, 2017 – Decided October 16, 2017

 Before Judges Fuentes and Carroll.

 On appeal from Superior Court of New Jersey,
 Law Division, Union County, Docket No. L-1578-
 10.

 Shawn E. Parrott, appellant pro se.

 Grace H. Park, Acting Union County Prosecutor,
 attorney for respondent (Tangerla Mitchell
 Thomas, Special Deputy Attorney General/Acting
 Assistant Prosecutor, of counsel and on the
 brief).

 The opinion of the court was delivered by

FUENTES, P.J.A.D.
 Shawn E. Parrot appeals from the March 6, 2015 order entered

by Judge Karen M. Cassidy denying his motion seeking the return

of a 2005 Cadillac-STS, and a Cadillac SRX, which were seized by

the State in connection with criminal charges filed against Parrot.

At the time of the seizure, these vehicles were owned by Delice

Ruiz. We affirm.

 All ownership rights and title to these two vehicles were

forfeited and transferred to the State by order for Judgment of

Forfeiture entered by default by the Law Division on August 8,

2010 in an in rem civil action initiated by the State pursuant to

N.J.S.A. 2C:64-1 to -9. This order was modified on July 12, 2012

to exclude a 1998 Mercedes Benz CLK. This aspect of the Judgment

of Forfeiture is not challenged in this appeal.

 N.J.S.A. 2C:64-8 provides:

 Any person who could not with due diligence
 have discovered that property which he owns
 was seized as contraband may file a claim for
 its return or the value thereof at the time
 of seizure within 3 years of the seizure if
 he can demonstrate that he did not consent to,
 and had no knowledge of its unlawful use. If
 the property has been sold, the claimant
 receives a claim against proceeds.

 [Emphasis added].

As it relates to this case, the Legislature has defined an "owner"

as "a person who holds the legal title of a vehicle[.]" N.J.S.A.

39:1-1.

 2 A-3653-14T1
 Relying on the unambiguous language in these two statutes,

Judge Cassidy found appellant does not have standing to challenge

the forfeiture because he did not hold legal title to these

vehicles:

 Here the facts show that at the time the 2005
 Cadillac STS and 2004 Cadillac SRX were
 seized, Delice Ruiz held title in both
 vehicles. As such, she was the owner of the
 vehicles at issue in the present matter at the
 time of their seizure. Subsequently, by Order
 for Judgement by Default on August 8, 2010,
 title to the 2005 Cadillac STS and 2004
 Cadillac SRX was transferred to the State of
 New Jersey. To date, New Jersey remains the
 title holder and owner of both vehicles. It
 is clear on the record that defendant Parrot
 does not have title to either of the vehicles
 indicated in his motion and therefore cannot
 maintain a claim for return of either the 2005
 Cadillac STS and 2004 Cadillac SRX.

 Appellant's arguments challenging Judge Cassidy's decision

lack sufficient merit to warrant discussion in a written opinion.

R. 2:11-3(e)(1)(E). We affirm substantially for the reasons

expressed by Judge Cassidy.

 Affirmed.

 3 A-3653-14T1